JS-6

Rachel Bien (Cal. Bar No. 315886)
OLIVIER & SCHREIBER LLP
128 North Fair Oaks Ave.
Pasadena, CA 91103
Telephone: (312) 325-3430
Facsimile: (415) 484-0980
Email: rachel@os-legal.com

Chauniqua D. Young (admitted *pro hac vice*)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
Email: cyoung@outtengolden.com

*Attorneys for Plaintiff and the Class*

[Additional Counsel Listed on Following Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDY BATEN, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHIGAN LOGISTICS, INC. d/b/a DILIGENT DELIVERY SYSTEMS, CALIFORNIA LOGISTICS, INC. d/b/a DILIGENT DELIVERY SYSTEMS, WESTERN DELIVERY & LOGISTICS, LLC, d/b/a DILIGENT DELIVERY SYSTEMS, and LARRY BROWNE,<br><br>Defendants. | Case No. CV 18-10229-GW-MRWx<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, REQUEST FOR ENHANCEMENT PAYMENT, AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date: Thursday, March 9, 2023<br>Time: 8:30 a.m.<br>Courtroom: 9D |

1  Adam Koshkin (Cal. Bar No. 320152)
   OUTTEN & GOLDEN LLP
2  One California Street, 12th Floor
   San Francisco, CA 94111
3  Telephone: (415) 638-8800
   Facsimile: (415) 638-8810
4  Email: akoshkin@outtengolden.com

5  Troy L. Kessler *(admitted pro hac vice)*
   Marijana Matura *(admitted pro hac vice)*
6  KESSLER MATURA P.C.
   534 Broadhollow Road, Suite 275
7  Melville, New York 11747
   Telephone: (631) 499-9100
8  Facsimile: (631) 499-9120
   Email: tkessler@kesslermatura.com
9  Email: mmatura@kesslermatura.com

10  *Attorneys for Plaintiff and the Class*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Randy Baten, individually and on behalf of the Settlement Class, moved the Court for final approval of a $1,750,000 non-reversionary, class action settlement of this wage and hour case against Defendants Michigan Logistics, Inc., California Logistics, Inc. ("CLI"), Western Delivery & Logistics, Inc. ("WD&L"), and Larry Browne ("Defendants"), for approval of a $10,000 Enhancement Payment, and for approval of Class Counsel's attorneys' fees and costs.

The Court granted Plaintiff's unopposed motion for preliminary approval on December 6, 2022. ECF No. 146. On March 8, 2023, the Court issued a tentative ruling granting in full Plaintiff's Motions for Final Approval of Class Action Settlement, and for Attorneys' Fees and Costs. ECF No. 155. The Court conducted a final fairness hearing on March 9, 2023, at which counsel for the parties appeared and the Court adopted its tentative ruling as its Final Ruling. ECF No. 156.

Having read and considered the unopposed moving papers, having conducted a final fairness hearing as required by Federal Rule of Civil Procedure 23(e), and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The terms and phrases used in this Order shall have the same meaning as ascribed to them in the Class Action Settlement Agreement and Release ("Settlement Agreement").
2. The Court has subject matter jurisdiction over the action under 28 U.S.C. 1332(d)(2), the Class Action Fairness Act, along with federal question jurisdiction over Plaintiff's Fair Labor Standards Act claim. The Court has personal jurisdiction over all Defendants.
3. The certified settlement class under Federal Rule of Civil Procedure 23(c) consists of the members of the class that the Court certified by order, dated October 25, 2021, ECF No. 111, who did not exclude themselves from the

settlement, and who worked at least one workday with Defendants between November 2, 2014 and May 31, 2022 as reflected in Defendants' records. There are 82 Settlement Class Members.

4. The Court finds that no Settlement Class Member objected to the settlement or requested exclusion.

5. For the reasons set forth in the Court's December 6, 2022 preliminary approval order and its March 8, 2023 tentative ruling, the Court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the Settlement Class and the proposed Class Settlement. The Court finds that the settlement is fair, reasonable, and adequate, and warrants final approval.

6. The notice given to Settlement Class Members fully and accurately informed the Settlement Class Members of all material elements of the proposed Class Settlement and of their opportunity to object or opt-out and was the best notice practicable under the circumstances. A full opportunity was afforded to Settlement Class Members to participate in the hearing. Accordingly, the Court determines that all Settlement Class Members who did not timely and properly exclude themselves are bound by this Order and Judgment.

7. The Court approves Class Counsel's request for an award of attorneys' fees of $583,333.33 or one-third of the Maximum Settlement Amount, and for reimbursement of their actual out-of-pocket litigation costs and expenses of $42,126.47, to be paid from the Maximum Settlement Amount. Counsel performed a significant amount of work and did so successfully. Their expenses were reasonably incurred and represent services that are customarily billed to clients.

8. The Court approves the Plaintiff's request for a $10,000 Enhancement Payment. The Plaintiff – the sole named plaintiff throughout this case – provided services and efforts over the course of four years to achieve the ends his lawsuit desired.

9. The Court approves the Settlement Administrator's payment of up to $26,000 in Administrative Costs to administer the Settlement through its conclusion, including disbursement of the Maximum Settlement Amount and all associated tax reporting.

10. Defendants have a total of forty-eight (48) months from September 21, 2022, to tender the Maximum Settlement Amount ("Payment Period").

11. The Effective Date of the settlement shall be thirty (30) days from the date of this Order. The Effective Date shall also constitute Defendants' Initial Payment Date.

12. Defendants' Initial Payment will be calculated by dividing the Maximum Settlement Amount by the number of months remaining in the Payment Period as of the Initial Payment Date. For example, if the Initial Payment Date is six (6) months after the parties executed the Agreement, then forty-two (42) months remain in the Payment Period and thus, the Initial Payment will be at least $1,750,000.00/42 months = $41,666.67. If the Initial Payment Date falls on a date that does not constitute a complete month, then the time will be rounded forward or back to form a complete month in whichever direction is shorter.

13. Beginning the month following the Initial Payment, Defendants will make Monthly Payments on or before the 10th day of each month until they have fully paid the Maximum Settlement Amount.

14. Defendants will be entitled to an Accelerated Payment Discount if they

3
[PROPOSED] ORDER GRANTING FINAL APPROVAL - Case No. 2:18-CV-10229-GW-MRW

accelerate their payments and satisfy their obligation to pay the Maximum Settlement Amount by: (i) June 1, 2023, a $105,000 Accelerated Payment Discount; and (ii) June 1, 2024, a $52,500 Accelerated Payment Discount. If an Accelerated Payment Discount is applied, it shall be applied proportionately to all amounts except for the Enhancement Payment and Administrative Costs.

15. The Settlement Administrator will issue the first round of Settlement Checks to Settlement Class Members on a pro rata basis within 14 days of Defendants' third payment into the Qualified Settlement Fund. The Settlement Administrator will issue the second round of Settlement Checks to Settlement Class Members on a pro rata basis within 14 days of Defendants' sixth payment. Thereafter, the Settlement Administrator will issue Settlement Checks to Settlement Class Members on a pro rata basis at the end of the second quarter of each subsequent year of the Payment Period, subject to the Accelerated Payment Discount.

16. The Settlement Administrator will pay Class Counsel their Attorneys' Fees and Costs on a pro rata basis at the same times that the payments are made to Settlement Class Members.

17. The Settlement Administrator will pay Plaintiff his Enhancement Payment at the same time that the first round of checks are mailed to Settlement Class Members.

18. While any balance of the Maximum Settlement Amount remains outstanding, Defendants will not pay management fees to its parent corporation in excess of $102,750.00 per month, or in an amount that would reduce available cash, after the Monthly Settlement Payment, to less than zero, whichever is less; will defer any distributions to Larry Browne

and/or to other Diligent officers or companies; and will not change accounting practices.

19. Upon request, Defendants will provide Class Counsel with reasonably detailed profit and loss statements and balance sheets on a quarterly basis beginning in the first quarter following execution of the Settlement Agreement and on a quarterly basis thereafter; as well as annual state and federal tax filings during the period in which any balance of the Maximum Settlement Amount is owed. Class Counsel and/or their expert(s) or consultant(s) will have a right to conduct a commercially reasonable audit of financial statements of Defendants on a quarterly basis beginning in the first quarter following execution of the Settlement Agreement at Class Counsel's expense. Such audits shall be conducted at a mutually agreed upon date and time, and such audits shall not unreasonably interfere with Defendants' regular business operations.

20. Upon the Effective Date and upon Defendants' complete and timely payment of the Maximum Settlement Amount, all Settlement Class Members who have not opted out will release Defendants and the Released Parties from all claims that were pled in the Complaint in the Action, or which could have been pled in any of the Complaints in the Action based on the factual allegations therein, that arose between November 2, 2014 and December 6, 2022, and that relate to Settlement Class Members' work as delivery drivers with Defendants.

21. Upon entry of this Order and Judgment, the Parties shall effectuate all terms of the Settlement Agreement based on the provisions and timelines set forth in the Settlement Agreement.

22. In the event of Defendants' uncured breach of Sections 3.1.2 and/or 3.2.1

of the Settlement Agreement and following ten (10) business days' written notice to Defendants' counsel, Defendants shall be obligated to make an immediate payment to Plaintiffs of $1,750,000 less any payments already made by Defendants, plus interest at a rate of 10% per year from the date of the first violation, all as provided in the Settlement Agreement. Enforcement of this portion of the judgment shall be stayed while Defendants are timely making payments, and the Court retains jurisdiction to lift the stay upon a showing that Defendants have been provided written notice of breach and have failed to cure said breach within 10 business days thereof.

23. Judgment is hereby entered consistent with the Settlement Agreement.

24. Without affecting the finality of this Order, the Court retains jurisdiction over the action and the parties to construe, interpret, implement, and enforce the Settlement Agreement and this Order and Judgment.

**IT IS SO ORDERED.**

Dated: March 14, 2023

HON. GEORGE H. WU, U.S. District Judge